**Homero BARRERA, Appellant, Cross-Appellee,**

v.

**DUVAL COUNTY et al., Appellees, Cross-Appellants.**

**No. 16001.**

Court of Civil Appeals of Texas, San Antonio.

March 3, 1978.

Rehearing Denied March 22, 1978.

John F. Ryan, Laredo, for appellant, cross-appellee.

J. G. Hornberger, Laredo, Richard R. Gonzales, Hebbronville, R. E. Lopez, Alice, for appellees, cross-appellants.

PER CURIAM.

The record in this case was filed in this Court on January 5, 1978. Since February 4 was a Saturday, appellant's brief was due on February 6, 1978, on which date appellant filed his motion for extension of time for filing his brief.

Appellant states in the verified motion that although his attorney ordered the transcript, it was never delivered to appellant's attorney by the district clerk but, instead, was delivered by the district clerk to this Court or to the attorney for appellees. The transcript shows on the cover that, although it was ordered by counsel for appellant, it was delivered to counsel for appellees.

The transcript was filed in this Court by one of the attorneys for appellees on January 5, at which time such attorney paid the deposit required by Rule 388a, Tex.R.Civ.P. (1978). On that date the Clerk of this Court notified counsel for appellant that the transcript had been filed, and appellant's counsel then forwarded to our Clerk a check to cover the deposit required by Rule 388a.

In the motion for extension of time, counsel for appellant states that he has been unable to prepare his brief because his attempts to secure the transcript from counsel for appellees have been unsuccessful. When this motion was received by our Clerk, she telephoned counsel for appellant and told him that the transcript had been on file in this Court and available to him since January 5. At his request, she then forwarded the transcript to him. Prior to this time, counsel for appellant made no effort to withdraw such transcript for the purpose of preparing his brief.

Rule 390 provides that either party may file the transcript for which he has applied and which has been delivered to him, and the fact of application and delivery to the applicant must appear by endorsement of the district clerk on the transcript. The rule then continues:

If the indorsement shows that it was applied for by one party and delivered to the other, it must be shown by the indorsement of the clerk, or otherwise, to entitle it to be properly filed as the transcript of the party to whom it was delivered, that it was delivered to him by consent of the other party, as each party has the sole right to the transcript which he has applied for to be made out for him; and if it is so filed without that fact being shown, the court may strike the case from the docket as improperly filed, upon its own inspection, or upon motion of the party to whom the transcript belonged.

In this case the endorsement of the district clerk shows that the transcript was ordered by the attorney for appellant and that it was delivered to the attorney for appellees. The endorsement of the clerk does not reflect that such delivery to counsel for appellees was made with the consent of counsel for appellant, nor is such consent "otherwise" shown.

■ As already stated, after counsel for appellant was notified that the transcript had been filed, he made the required deposit and now seeks a motion for extension of time for the filing of his brief. Both such actions were taken with the knowledge that he had not received the transcript from the district clerk and that it had been delivered to this Court by some other person. These actions by appellant clearly amount to a ratification of the filing of the transcript in this Court by someone other than counsel for appellant, since such actions of necessity were based on the assumption that the case was properly in this Court. At no time did appellant protest the filing of the transcript, nor did he request an extension of time so that he might gain possession of his transcript and file it himself.

■ Under these circumstances, it is clear that appellant has not shown "good cause," as required by Rule 414, for his failure to file his brief within 30 days after the record was filed in this Court. The transcript, at all times, was available for withdrawal by appellant's counsel upon his giving a proper receipt. Rules 395, 396.

The motion for extension of time is denied and the appeal of Homero Barrera is dismissed for want of prosecution. Rule 415.

In this case appellees also complain of the judgment of the trial court. This Court has previously entered an order providing that appellees should file their brief in answer to appellant's brief and presenting the points upon which they rely as cross-appellants, within 25 days after the filing of the brief of Homero Barrera. Under the circumstances, it is ordered that appellees shall file such brief, embodying their challenges to the judgment below, no later than April 4, 1978, and Homero Barrera shall file his reply brief no later than 25 days thereafter. Homero Barrera, or his counsel, shall forthwith return the transcript in this case to the Clerk of this Court.